PER CURIAM.
Donna S. Guillory appeals from the judgment of the United States Court of Federal Claims denying her claim for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 300aa-34.* Because we discern no reversible error in the decision of either the Special Master or the trial judge, we affirm.
Mrs. Guillory alleges that a series of hepatitis B vaccines she received in 1992 and 1993 caused her to suffer from a neurologic condition known as transverse myelitis. Because her alleged injury is not listed in the Vaccine Injury Table, 42 U.S.C. § 300aa-14, Mrs. Guillory must show by a preponderance of evidence that the vaccines in fact caused her injury. See 42 U.S.C. §§ 300aa-ll(c)(l)(C)(ii), 300aa-13(a)(1). This court has stated that to prove causation in fact, a petitioner “must show a medical theory causally connecting the vaccination and the injury.” Grant v. Sec’y of the Dep’t of Health and Human Servs., 956 F.2d 1144, 1148 (Fed.Cir.1992). Though a petitioner need not prove her theory of causation is medically or scientifically certain, Knudsen v. Sec’y of the Dep’t of Health and Human Servs., 35 F.3d 543, 548-49 (Fed.Cir.1994), “[Causation in fact requires proof of a logical sequence of cause and effect showing that the vaccination was the reason for the *713 injury. A reputable medical or scientific explanation must support this logical sequence of cause and effect.” Grant, 956 F.2d at 1148.
The Court of Federal Claims “may set aside the decision of a special master only if the special master’s fact findings are arbitrary and capricious, its legal conclusions are not in accordance with law, or its discretionary rulings are an abuse of discretion.” Turner v. Sec’y of Health and Human Servs., 268 F.3d 1334, 1337 (Fed. Cir.2001) (citing 42 U.S.C. § 300aa-12(e)(2)(B)). We apply that same standard when reviewing the judgment of the Court of Federal Claims. Id. (citing Munn v. Sec’y of the Dep’t of Health and Human Servs., 970 F.2d 863, 870 & n. 10 (Fed.Cir. 1992)).
The special master in this case analyzed the testimony presented by Mrs. Guillory’s medical expert witnesses and concluded that their opinions were not legally sufficient to satisfy the requirements for causation in fact under the statute. Mrs. Guillo-ry argued before the trial court that the special master applied too stringent a standard by requiring the medical experts to support their testimony with citations to medical literature. The trial judge carefully reviewed the record and found that lack of citation to medical literature was only one of several reasons the special master found the experts’ testimony to be “subjective belief or unsupported speculation.” Based on our review of the record, we cannot say the trial court erred in concluding that the special master’s findings with respect to the experts’ testimony were not arbitrary or capricious.
In her appeal brief filed with this court, Mrs. Guillory contends that the special master erred by not assessing the totality of evidence before him, including medical literature in addition to expert testimony. Although she refers to “volumes” of material introduced at trial, Mrs. Guillory cites only two specific documents on appeal— case reports published by a Dr. Waisbren, and an Institute of Medicine (IOM) report. While it is true the special master did not cite any medical literature in his opinion, the trial judge found this did not indicate that the special master failed to consider the documents. Based on our examination of the record, we agree. In response to the special master’s questioning at the hearing, Mrs. Guillory’s counsel was unable to explain the relevance of the cited documents. Furthermore, our review of the record confirms the trial court’s conclusion that nothing in either the IOM report or Dr. Waisbren’s case reports requires the special master’s findings to be set aside as arbitrary or capricious.
Mrs. Guillory also asserts that she received disparate treatment from the special master because a Louisiana worker’s compensation board found that the hepatitis B vaccines did cause Mrs. Guillory’s injury, and a Louisiana appellate court upheld that decision on review. As both the special master and the trial judge noted, the special master was not bound by that decision. Mrs. Guillory also contends that in several cases another Court of Federal Claims special master has “accepted” the state court’s finding that hepatitis B vaccines caused Mrs. Guillory’s transverse myelitis. This assertion is not well taken. The other cases cited by Mrs. Guillory do not even address the hepatitis B vaccine and merely cite her worker’s compensation case as one of several in which plaintiffs have prevailed on claims of vaccine-induced transverse myelitis.
In sum, we have reviewed the written materials submitted by Mrs. Guillory and examined large portions of the hearing transcript. We are constrained to conclude that the trial judge’s decision to affirm the special master’s denial of an *714 award to Mrs. Guillory was not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

 Guillory v. United States, 59 Fed.Cl. 121 (2003).